

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ross Doughty, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Opinion No. 0-4073

Dear Sir:

Re: May persons, owning an un-
divided interest in certain
property, as well as other
property individually, be
entitled to full remission
of penalties and interest
under House Bill 76, Acts
47th Legislature, Regular
Session, by only paying
the taxes on the property
jointly owned.

We have received a request from you for an opinion from this department. We quote from your request:

"The following question has arisen in this county and has been submitted to me by the Tax Collector: Several persons own four lots to- gether, that is, these persons each own an un- divided interest in four lots, and each of these persons own other property separately and independently from the others. Under these facts is it permissible to allow these persons to pay all the taxes upon the property which they all own together and to give them the benefit of Act 7336i, Vernon's Annotated Texas Statutes (Acts 1941, 47th Legislature, H. B. 76), releasing penalty and interest.

"These persons only wish to pay the taxes upon that property in which they all own an un- divided interest and do not wish to pay the other taxes which they owe.

"It is my opinion that Section 3 of the

Honorable Ross Doughty, Jr., page 2

above mentioned Act 73361 answers this question, and that all penalty and interest should not be deducted unless each of said persons pay all of the delinquent taxes which each owes.

"It seems to be well settled that each tract of land in this state is liable only for the taxes against it, Richie vs. Moor, 249 S.W. 272, and that in Texas taxes are assessed upon individuals by reason of their ownership of property rather than upon the real estate itself, Art. 7151.

"It is my understanding from the statute (73361) that under the fact situation above mentioned that these persons may pay the taxes upon the property which they own together and will only have to pay a penalty of six per cent, but I would appreciate knowing your views on this matter."

The applicable provisions of House Bill 76, Acts 47th Legislature, Regular Session, are:

"Section 1.  That all interest and penalties that have accrued on all ad valorem and poll taxes that were delinquent on or before July 1, 1940, due the State, any county, common school district, road district, levee improvement district, water improvement district, and water control and improvement district, irrigation district, and other defined subdivisions of the State (and, subject to the provisions hereinbefore and hereinafter contained, such interest and penalties on delinquent ad valorem and poll taxes due cities, towns, and villages, and special school districts, and independent school districts,) shall be and the same are hereby released, provided said ad valorem and poll taxes are paid on or before November 1, 1941. . . .

". . .

"Sec. 3.  Anyone desiring to pay at one time all the delinquent taxes for only one year wherein such taxes are delinquent for more than one year shall have the right to pay the same but without

remission of penalties and interest; provided,
however, that any persons availing themselves of
the benefits of this Act shall be required to pay
all delinquent ad valorem taxes due the State and
county on any specific piece of property on which
such taxes are delinquent before the penalties
and interest may be released as herein provided;
conditioned that a six per cent (6%) penalty on
the total amount delinquent be paid on such pro-
perty."

In our opinion No. 0-3657 we held:

"It is noted that in Section 1 there is a
general release of all penalties and interest,
if payment is made on or before November 1, 1941.
As we view the last clause in Section 3 it does
not preserve any part of the penalty and interest
theretofore accumulated. Its levy of a penalty
is afresh. While the language used is perhaps
not as clear as might have been used, we believe
that Section 3 was meant to have this effect:
(1) if more than one year's taxes are delinquent,
the taxpayer may not have the benefit of the re-
lease if he pays for one year only, or if he pays
for any number of years less than all; and (2) if
he owes taxes delinquent on several pieces of
property he may single out one piece and pay the
delinquent taxes assessed against it, without
paying other delinquent ad valorem and poll taxes
owing by him, but in such a case of thus paying
only a part of the delinquent taxes owing by him
he will have to pay a 6% penalty. . . ."

We think the facts submitted by you bring your
proposition within the second conclusion expressed and
quoted above. You are, therefore, respectfully advised
that it is our opinion that the persons, referred to in
your request, and under the facts submitted in your re-
quest, would be entitled to have the accrued penalties and
interest remitted and released, provided the delinquent
taxes are paid on or before November 1, 1941, but would
be subject to the 6% penalty provided in Section 3 of
said House Bill 76. Your question is, accordingly,

Honorable Ross Doughty, Jr., page 4

answered in the negative.

APPROVED OCT 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:nw



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN